**No. 50474.**—Protests 896799–G, etc., of Somerset Importers, Ltd. (Los Angeles).

Opinion by EKWALL, J. It was stipulated at the hearing that the vessels upon which the whisky was laden were vessels of American registry engaged in trade between the Atlantic and Pacific Coasts of the United States, and that the collector rejected conditional free withdrawal of the merchandise because it was not listed on the ship's store list or the ship's manifest. Plaintiff contended that the demand for payment on the part of the collector having been made more than 60 days after the entries were liquidated or withdrawn from warehouse without payment of duty under section 309, was without authority of law; that when the collector permitted such withdrawals free of duty, he rendered a decision under said section 309 that no duty was due; and that such decision became final and conclusive and his demands for payment of liquidated damages were contrary to the provisions of section 514. Inasmuch as the record was silent as to just what the demand of the collector consisted of, the court found that there was insufficient evidence before it to decide that question. Plaintiff's alternative claim is that the requirement that the merchandise be entered on the ship's manifest or store list, was beyond the authority of the Secretary of the Treasury in that it adds to the statute a condition not therein found. The same contention was made and overruled in *United States* v. *Mexican Petroleum Corp.* (28 C. C. P. A. 90, C. A. D. 130), upon a holding that the regulations were valid. Following the decision cited the protests were overruled.